UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren S. Simmons, #182509, | ) C/A No. 8:11-cv-175-RMG-JDA |
| Plaintiff, | ) |
| vs. | ) |
| Nurse Shelly Stokes; SCDC Director of Prisons Byers; Rolland McFadden; Robin Chavis; Amy Smith, RN, Nurse; Health Care Providers; MD Dr. Sampson; MD Robert Shulze, Jr.; MD Martin Dommers; MD Jennifer A. Feldman; Nurse Rainwater; Ms. Martin; Nurse Ms. Roman; Ms. Fox, Mental Health Services; Redfern Miller, Grievance Coordinator; Nurse Mr. Jake Spires; Ms. Williams, Nurse; Ms. Spiveys, Nurse RN; and Ms. Jacobs, Correctional Officer, | ) Report and Recommendation<br>) *Partial Summary Dismissal* |
| Defendants. | ) |

This is a civil action filed by a state prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded

1

liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Plaintiff's Amended Complaint named "Health Care Providers" as a Defendant in this case. The Court's Order of March 11, 2011 informed Plaintiff that his Amended Complaint failed to provide sufficient, specific information to identify the unknown persons designated as "Health Care Providers" as proper Defendants upon whom the United States Marshals Service could effect service of process. Plaintiff was warned that, if he failed to file additional information to specifically identify the unknown person(s) designated as "Health Care Providers," then his Amended Complaint would be subject to dismissal as to this Defendant.[1]  *See* ECF No. 25.

---

[1] Moreover, a claim for relief under 42 U.S.C. § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000).

On April 8, 2011, Plaintiff filed a document (Reply) in which he identifies "Health Care Providers" as "RN Nurse Amy Smith (HCA)," also referred to by Plaintiff in his Amended Complaint as "Amy Smith, RN, Nurse." In his Reply, Plaintiff alleges that

> The plaintiff has named "Health Care Providers" as a defendant[,] now Simmons seeks to correct this matter, for the sufficient information to identify Defendant on the Forms USM-285. RN Nurse Amy Smith (HCA) is the health care authority at the Evans Corrections and refers to the individual with the authority and responsibility for arranging all levels of inmate health care at the institutional level, including health services, employee management. The plaintiff has shown good cause in identifying information concerning Amy Smith RN (HCA) and submitting service documents for her as the unknown "health care authority and provider.

ECF No. 41, p. 1.

Accordingly, "Health Care Providers" should be dismissed as a Defendant and terminated on the docket, since "Health Care Providers" has/have been identified by Plaintiff to be "Amy Smith, RN, Nurse," who was already a Defendant in this case.

### RECOMMENDATION

It is recommended that the Amended Complaint be partially dismissed as to Defendant "Health Care Providers," without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's attention is directed to the important notice on the next page.

April 11, 2011                                    s/Jacquelyn D. Austin
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).