IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

|  |  |  |
|---|---|---|
| Darren S. Simmons, | ) | Case No. 8: 11-cv-00175-RMG-JDA |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **REPORT AND RECOMMENDATION** |
|  | ) | **OF MAGISTRATE JUDGE** |
| Nurse Shelly Stokes; Warden Roland McFadden; | ) |  |
| Robin Chavis; Amy Smith; HealthCare | ) |  |
| Providers; MD Dr. Sampson; MD Robert | ) |  |
| Shulze, Jr.; MD Martin Dommers; MD Jennifer | ) |  |
| A. Feldman; Nurse Rainwater; Ms. Martin; | ) |  |
| Nurse Ms. Roman; Ms. Fox; SCDC | ) |  |
| Director of Prisons; Redfern Miller; Nurse | ) |  |
| Mr. Jakes Spires; Ms. Williams; | ) |  |
| Ms. Spiveys; and Ms. Jacobs, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the Court on Defendant MD Martin Dommers's motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  [Doc. 68.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C.,  this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding *pro se* and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff, an inmate of the South Carolina Department of Corrections ("SCDC"), filed this action pursuant to 42 U.S.C. § 1983 on January 24, 2011 [Doc. 1] and amended his Complaint on March 2, 2011 [Doc. 16].  Plaintiff alleges Defendants have violated his constitutional rights.  [Doc. 1].  On May 6, 2011, Defendant MD Martin Dommers ("Dommers") answered [Doc. 67] and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) [Doc.  68].  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),

Plaintiff was advised by order filed May 9, 2011, that he had thirty-four (34) days to file any material in opposition to the motion to dismiss.[1]

## APPLICABLE LAW

### Motion to Dismiss

Under Rule 12(b)(5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(5). Rule 4(e) governs the service of process upon individuals in the United States and provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally, (2) leaving a copy of the summons and complaint with a person of suitable age and discretion then residing at the defendant's home or usual place of abode, or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. *Id.* Noncompliance with Rule 4 does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963) (upholding service upon the defendant's wife at a home to which the defendant never intended to return).

### Service of Process

In a case in which the district court permits the plaintiff to file *in forma pauperis* ("IFP"), the district court must direct the United States Marshals Service to effectuate

---

[1]Because Plaintiff is relying on service of process by the Marshal's service pursuant to 28 U.S.C. § 1915, the Court will not wait on a response from Plaintiff regarding the sufficiency of service in this matter.

service of process.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("*In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915.").  However, the plaintiff must provide sufficient information to locate the defendant with "reasonable effort."  *Richardson v. Johnson*, 598 F.3d 734, 738–40 (11th Cir. 2010); *see also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) ("If the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was 'good cause' for purposes of [Fed. R. Civ. P.] 4(m)," excusing the plaintiff's failure to timely serve the defendants.); *Greene v. Holloway*, 210 F.3d 361, 2000 WL 296314, at *1 (4th Cir. 2000) (unpublished table opinion) (reversing district court's decision that service was insufficient after prisoner argued he did all that was required under *Graham* to effect service).

## DISCUSSION

Dommers asserts that this case should be dismissed because service was made by the Marshal's service on April 13, 2011 upon a hospital administrator who was not authorized to accept service on Dommer's behalf.  [Doc. 68.]

The Court has the discretion to dismiss a case under Rule 12(b)(5) for insufficiency of service.  *Reinhold v. Tisdale*, 2007 WL 2156661 at *3 (D.S.C. 2007) (unpublished opinion) (citing *Dimensional Comm'ns, Inc. v. OZ Optics, Ltd.*, 218 F. Supp. 2d 653, 655 (D.N.J. 2002)).  "Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished."  *Id.* (citing *Curcuruto v. Cheshire*, 864 F. Supp. 1410, 1411 (S.D. Ga.1994)).  However, absent prejudice to the defendant and when service can be accomplished, courts generally will quash the insufficient service

and allow a plaintiff to perfect service.  *Id.*

Because Plaintiff has been granted IFP status in this case, service requirements fall to the U.S. Marshal's Service, which must expend a reasonable investigative effort to locate a defendant once the defendant is properly identified.  *See Richardson*, 598 F.3d at 738–40 ;*Greene*, 210 F.3d 361, 2000 WL 296314, at *1; *Graham*, 51 F.3d at 713. Dommers has failed to show how he would be prejudiced by quashing the insufficient service or why service can not be completed pursuant to Rule 4.  Therefore, the Court finds Dommers's motion to dismiss pursuant to Rule 12(b)(5) should be denied, with service to be perfected by the United States Marshals Service.

### CONCLUSION

Based on the foregoing, it is recommended that Defendant's  motion to dismiss be DENIED.  Defense counsel for Dommers should advise the Court in writing within the time period for filing objections to this Report and Recommendation as to whether he is authorized to accept service on behalf of this defendant.  If defense counsel advises the Court that he is not so authorized, then a separate order should be issued directing the United States Marshal to personally serve Dommers at his place of business or residence.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 11, 2011
Greenville, South Carolina

4