IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darren S. Simmons, | ) | Civil Action No. 8:11-cv-175-RMG |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Nurse Shelly Stokes, et. al., | ) | |
| Defendants. | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that the named Defendant MD Martin Dommers' motion to dismiss pursuant to Rule 12(b)(5) be denied. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

## Analysis

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Dommers has moved to dismiss pursuant to Rule 12(b)(5) arguing service was made on a hospital administrator who was not authorized to accept service on his behalf. But because Plaintiff has been allowed to proceed *informa pauperis* in this matter, service requirements fall to the U.S. Marshal's Service, which must expend a reasonable investigative effort to locate a defendant once the defendant is properly identified. Dommers has failed to show how he would be prejudiced by quashing the insufficient service or why service can not be completed pursuant to Rule 4. Therefore, the Court finds Dommers' motion to dismiss pursuant to Rule 12(b)(5) should be denied, with service to be perfected by the United States Marshals Service.

## Conclusion

Based on the above, Defendant Dommers' motion to dismiss is denied and the Marshal's Service is directed to personally serve Dommers if his counsel does not inform this Court within 5 days of this order if he will accept service.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 6, 2011
Charleston, South Carolina