IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren S. Simmons, #182509 ) | Civil Action No.: 5:11-cv-175-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Nurse Shelly Stokes; SCDC Director of ) | |
| Prisons Byers; Rolland McFadden; Robin ) | |
| Chavis; Amy Smith, RN, Nurse; Health ) | |
| Care Providers; MD Dr. Sampson; MD ) | |
| Robert Shulze, Jr.; MD Martin Dommers; ) | |
| MD Jennifer A. Feldman; Nurse ) | |
| Rainwater; Ms. Martin; Nurse Ms. Roman; ) | |
| Ms. Fox, Mental Health Services; Redfern ) | |
| Miller, Grievance Coordinator; Nurse Mr. ) | |
| Jake Spires; Ms. Williams, Nurse; Ms. ) | |
| Spiveys, Nurse RN; and Ms. Jacobs, ) | |
| Correctional Officer; Willie Eagleton; ) | |
| William Bradham, MD; Nurse Morton ) | |
| Kelley; Paul C. Drago, MD; Kwayalein C. ) | |
| Muhammad; and Donika K. Jenkins, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

In this case, Plaintiff asserts that he is entitled to relief from Defendants pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections (SCDC) and is proceeding in this case *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d)&(e) DSC, this case was referred to a United States Magistrate Judge for all pretrial proceedings. Over the course of this litigation, the Magistrate Judge has issued numerous Reports and Recommendations (Dkt. Nos. 45, 75, 331), which the Court has subsequently ruled upon (Dkt. Nos. 53, 97, 354). More recently, the Magistrate Judge issued a Report and Recommendation regarding the disposal of the twenty (20)

motions currently pending in this case. (Dkt. No. 502). In this Report and Recommendation, the Magistrate Judge recommends granting Defendants' motions for summary judgment (Dkt. Nos. 298, 316) and denying Plaintiff's various motions – specifically, Plaintiff's motion for summary judgment (Dkt. No. 426), motion for judgment on the pleadings (Dkt. No. 450), motions for temporary restraining order (Dkt. Nos. 368, 425), motion for preliminary injunction (Dkt. No. 445), motion for permanent injunction (Dkt. No. 327), motion for default judgment (Dkt. No. 403), and motion for entry of default (Dkt. No. 470). Further, the Magistrate Judge recommends denying the other pending motions (Dkt. Nos. 378, 398, 403, 405, 412, 435, 442, 463, 469, 479) as moot. Plaintiff has filed objections to the Report and Recommendation. (Dkt. Nos. 506, 508, 509). After reviewing the record, the relevant law, and the Report and Recommendation, the Court agrees with and adopts the Report and Recommendation in its entirety.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff filed his original complaint in this action on January 24, 2011. (Dkt. No. 1). Plaintiff subsequently requested and was permitted to amend his complaint on three occasions. (Dkt. Nos. 16, 142, 147). In the approximately one and a half years that this action has been pending, Plaintiff has filed countless motions, declarations, letters, and other documents with the Court. In his filings, Plaintiff alleges that he has had and continues to have various medical problems – both mental and physical – and that various individuals, including certain Defendants, have violated his constitutional rights by showing deliberate indifference to such medical problems. However, many of Plaintiff's filings are redundant, and the Court has struggled to understand the arguments in many of Plaintiff's filings. While the Court has liberally construed Plaintiff's pleadings as required in all *pro se* actions, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court cannot construct Plaintiff's legal arguments for him. *Small v. Endicot*, 998 F.2d 411, 417-18 (7th Cir. 1993). As held by the Fourth Circuit, courts are not required to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (1985). After reviewing the record, the Court finds that no genuine issue of material fact exists as to Plaintiff's claims against Defendants, and as discussed below, Defendants are entitled to summary judgment.

I. **Defendants' Motions for Summary Judgment (Dkt. Nos. 298, 316)**

a. **Summary Judgment Standard**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When

determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the nonmoving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1).

### b.     Application of Summary Judgment Standard

On September 20, 2011, all Defendants currently remaining in this action, except for Defendant Martin Dommers, filed a joint motion for summary judgment. (Dkt. No. 298). On September 27, 2011, Defendant Dommers filed a motion for summary judgment. (Dkt. No. 316). In these motions, Defendants assert numerous arguments as to why they are entitled to summary judgment on Plaintiff's claims, including the argument that Plaintiff has failed to create

a genuine issue of material fact as to whether Defendants demonstrated deliberate indifference to a serious medical need in violation of Plaintiff's constitutional rights. After reviewing the arguments and exhibits submitted by the parties, the Court agrees that Defendants are entitled to summary judgment on this ground.

While in custody, a prisoner has certain rights under the Fourteenth and Eighth Amendments, including the right to receive adequate medical care. *City of Revene v. Mass. Gen. Hosp.*, 463 U.S. 239, 246 (1983). "Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the eighth amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). However, "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* In the case *sub judice*, Plaintiff argues that Defendants are liable under this high standard. After reviewing the record, the Court disagrees. The record shows that, during his incarceration, Plaintiff has received continuous and frequent medical attention from the prison medical staff as well as from outside medical professionals. (*See* Dkt. Nos. 298-4 and 298-5 (authenticated copies of medical records which show that Plaintiff had 352 "encounters" with SCDC medical staff between February 25, 1999 and July 7, 2011); Dkt. No. 298-6 (authenticated copies of medical records showing various times Plaintiff has been treated by medical providers outside of SCDC)). While Plaintiff clearly believes that Defendants should have provided different treatment for his medical conditions, the Constitution "does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988); *see also Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) ("[A] prisoner's mere difference of opinion over

matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.") (internal citation omitted). After reviewing the record, the Court finds that Plaintiff has failed to establish a genuine issue of material fact as to whether any of the Defendants were deliberately indifferent to Plaintiff's serious medical need. Accordingly, Defendants' motions for summary judgment (Dkt. Nos. 298, 316) are granted.[1]

## II. Additional Motions

With regard to the additional motions pending in this case, the Court agrees with and adopts the reasoning and recommendations set forth in the Magistrate Judge's Report and Recommendation.

## III. Plaintiff's Objections to the Report and Recommendation

The Court has reviewed Plaintiff's objections to the Report and Recommendation. The Court finds that Plaintiff's objections are merely attempts to rehash arguments previously made by Plaintiff and fully addressed in the Magistrate Judge's Report and Recommendation.

## Conclusion

As explained herein, the Court adopts the Magistrate Judge's Report and Recommendation in its entirety. Accordingly, the Court grants Defendants' motions for summary judgment (Dkt. Nos. 298, 316) and denies Plaintiff's motion for summary judgment (Dkt. No. 426), motion for judgment on the pleadings (Dkt. No. 450), motions for temporary restraining order (Dkt. Nos. 368, 425), motion for preliminary injunction (Dkt. No. 445), motion for permanent injunction (Dkt. No. 327), motion for default judgment (Dkt. No. 403), and motion for entry of default (Dkt. No. 470). Further, the Court denies the remaining pending motions – Dkt. Nos. 378, 398, 403, 405, 412, 435, 442, 463, 469, and 479 – as moot. Because

---

[1] As explained in the Report and Recommendation, which the Court adopts, certain Defendants are entitled to summary judgment for other additional reasons, such as the statute of limitations. (*See* Dkt. No. 502 at 12-21).

the Court grants the motions for summary judgment filed by all remaining Defendants, this case

is dismissed with prejudice.

        **AND IT IS SO ORDERED.**

                                                 Richard Mark Gergel
                                                 United States District Court Judge

August ___, 2012
Charleston, South Carolina